STATE *EX REL.* ERWIN v. ASHE.

1. TRIAL JUSTICE—NEW TRIAL—NOTICE.—Notice of motion for new trial before a trial justice must specify the time and place for the hearing; therefore, an order for new trial granted on a motion which failed to state these essentials was unauthorized.

Before WITHERSPOON, J., York, July, 1893.

This was an application in the name of the State on the relation of E. Jane Erwin for a writ of *certiorari* to be directed to O. L. Sanders, trial justice, who granted a new trial to plaintiff in the case of W. N. Ashe *v.* E. Jane Erwin. The order of the

Circuit Judge, after a statement of the facts restated in the opinion of this court, concluded as follows:

I do not deem it necessary to say more than that the relator, the defendant, was entitled to notice of the motion for a new trial; that she did not have the notice contemplated by law; and that the trial justice had no jurisdiction over her, in the suit which had been instituted before him, on the 27th day of May, 1893, when he served the notice upon her which led to the application to this court for its writ. It is, therefore, ordered and adjudged, that the prohibition heretofore allowed be, and the same is hereby, made absolute, and the respondents cease from further proceeding in the said action (W. N. Ashe, jr., against E. Jane Erwin) against the relator.

Upon the rendition of the said decree a motion was made (also in term time) in behalf of respondents below to have certain facts found by the court, and upon the said motion the following order was made:

Just after filing of my decree herein, and at the same term at which the case was heard, the respondents, looking to an appeal, made a motion before the court to find and settle certain facts from the testimony, which the respondents claimed had not been found and settled by the decree.

I have considered the motion, and I find: 1. That the trial justice had no authority from respondent to give the receipt known as exhibit "B;" that the plaintiff refused the money as soon as tendered by the trial justice, and that the same was tendered back to the petitioner before the granting of the new trial. 2. That the day on which the trial justice granted the new trial was the fourth day after the trial. 3. That as soon as the respondent reached McConnellsville he called upon the trial justice, and made his motion for a new trial, and about twenty minutes thereafter the motion was granted.

*Mr. C. E. Spencer*, for W. N. Ashe and O. L. Sanders.

*Mr. G. W. S. Hart*, for relator.

March 19, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The history of this case, as developed by the record prepared for argument here, is some-what peculiar. The plaintiff Ashe brought an action in a trial justice court against the defendant Erwin to recover the sum of twelve 62–100 dollars, and a jury being demanded, they failed to agree on a verdict on the first trial, and a second trial was had before another jury, who rendered a verdict for seven dollars in favor of plaintiff, on the 21st of February, 1893. The defendant being notified of this judgment, paid to the trial justice the amount of the verdict, together with the costs of the suit, amounting in all to the sum of thirteen dollars, and took his receipt therefor, dated 23d of February, 1893. The plaintiff not being satisfied with the verdict, declined to re-ceive the money from the trial justice, and on the 25th of Feb-ruary, 1893, through his counsel, served a notice, addressed to the trial justice and T. F. McDow, Esq., defendant's attorney, of which the following is a copy: "The plaintiff hereby moves for a new trial in this case, on the ground that the verdict was against the weight of the evidence." This notice bears date 25th of February, 1893, and was served on Mr. McDow late in the afternoon of that day, in the town of Yorkville, some ten miles distant from McConnellsville, where the trial justice lived and kept his office, Mrs. Erwin residing between those two places, about eight miles from Yorkville. That same evening the plaintiff Ashe repaired to the office of the trial justice, reaching there after dark, and while on his way, while passing the house of Mrs. Erwin, left a letter with a negro, from Mr. McDow, to be delivered to her. Some time after dark of that day, neither the defendant nor any one to represent her being present, the trial justice granted the motion for a new trial.

No further steps, so far as appears from the record, were taken in the matter until the 27th of May, 1893, when the trial justice sent a notice to the defendant, requiring her to appear before him, at his office in McConnellsville, on the 3d of June, 1893, "for the purpose of proceeding with the case named above." Thereupon the defendant filed the petition set out in the record, substantially for the purpose of obtaining a writ of *certiorari*, to have the record removed from the Trial Justice

Court into the Court of Common Pleas, and for an order re-
straining, in the meantime, all further proceedings in the case,
&c. Such intermediate restraining order was granted, and the
case came on for hearing before his honor, Judge Witherspoon,
during term time, who, after hearing the testimony set out in
the record and the argument of counsel, rendered judgment on
the 12th of July, 1893, holding that the trial justice had lost
jurisdiction of the case and of the defendant at the time the
notice of the 27th of May, 1893, was issued, and he, therefore,
rendered judgment, making the temporary restraining order
permanent, and directing that the trial justice and the plaintiff
do cease from all further proceedings in the case against the
relator. From this judgment the plaintiff, as well as the trial
justice, gave due notice of appeal upon the several grounds set
out in the record.

The following statement appears in the "Case:" "Upon the
rendition of the said decree, a motion was made (also in term
time) in behalf of respondents below, to have certain facts found
by the court, and upon the said motion the following order was
made." We do not deem it necessary to set out a copy of the
order here, under the view which we take of the case, but a
copy of it will be found in the "Case," and should be incorpo-
rated in the report of the case. It is sufficient to say here, that
Judge Witherspoon did make certain additional findings of
fact, which, according to our view, do not affect the merits of
the appeal; and to add, that such order bears date 18th of
September, 1893. As soon as this order was brought to the
attention of the relator, she also gave notice of appeal therefrom
upon the several grounds set out in the record.

It is manifest from the judgment of Judge Witherspoon of
the 12th of July, 1893, a copy of which should also be incorpo-
rated in the report of this case, that he did not rest his
conclusion upon any other ground than that the defend-
ant had not received due notice of the motion for a new
trial before the trial justice within five days allowed; and,
therefore, after the expiration of that time, the trial justice had
no further jurisdiction of the case or of the defendant. If the
judge based his conclusion upon the testimony of the trial jus-

tice taken before him, then he was unquestionably correct, for
the trial justice said in his testimony that all the evidence he
had before him that notice of the motion for a new trial had
been given to the other parties, was the statement of the plaintiff
Ashe to that effect; and this certainly could not be regarded
as due and legal notice. But, assuming as we do, as it was
doubtless the real fact, that the trial justice had before him at
the time the paper containing a notice that a motion for a new
trial would be made (a copy of which has been set out above),
upon which was endorsed an acceptance of service by Mr. Mc-
Dow, yet still we think the judge was right; for, as he says,
and as the paper itself shows, it "fixes neither time nor place"
when and where the motion was to be made.

Now as the statute provides that the losing party to a case
heard in a Trial Justice Court may, at any time within five
days from the rendition of the judgment, move the trial justice
for a new trial, it surely is necessary that the notice of the
motion should specify the time and place where the motion is
to be made, for otherwise the other party would have no means
of knowing when or where to appear to resist the motion.
This very case affords the best illustration of the wisdom of
such a requirement; for Mr. McDow, when served late in the
afternoon of the 25th of February with the so-called notice of
the motion, would scarcely suppose that the motion was to be
made at a point ten miles distant, after dark of that day. Such
indecent haste could hardly have been expected. We deem it
due, however, to say that in using the term "indecent" we do
not intend even to intimate that any of the parties here con-
cerned were actuated by any improper motives. On the con-
trary, we have no doubt that they acted under the erroneous
impression that the five days expired on the 25th, when they
did not really expire until the 27th of February, as the 26th
fell on Sunday, as the Circuit Judge says, that day, being
otherwise the last of the five days, should not be counted.
Section 407 of the Code. At all events, we think it essential
that such a notice should specify the time and place when the
motion will be made; for otherwise the other party would not
really have any notice of when or where to appear in order to

resist the motion, as he, unquestionably, has the right to do. We are of opinion, therefore, that there was no error on the part of the Circuit Judge, in any view of the facts.

Whether the Circuit Judge would have had any authority to amend the decree, by finding the additional facts referred to, would depend largely upon whether such amendment was made at the same term or at some subsequent term; and this does not distinctly appear in the "Case." Indeed, the dates would seem to indicate that the amendment was made at a subsequent term. But, as we have said, the additional facts found do not affect the view which we have taken, and, therefore, we do not deem it necessary to consider or decide the questions presented by the relator's appeal.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.